# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Anthony M. Fidrych and Patricia Anne Fidrych, | ) ) | |
| Plaintiffs, | ) ) | C.A. No.: 2:17-cv-2195-PMD |
| v. | ) ) | **ORDER** |
| Marriott International, Inc., | ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court on Defendant Marriott International, Inc.'s motion to set aside default pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure (ECF No. 13). For the reasons set forth herein, Marriott's motion is granted.

## BACKGROUND

This action arises out of an accident that occurred at the Boscolo Milano hotel in Milan, Italy. The Fidryches allege that the Boscolo Milano is one of Marriott's Autograph Collection of hotels. Plaintiff Anthony Fidrych travelled to Milan as a pilot for the Gulfstream Aerospace Corporation. While in Milan, he stayed at the Boscolo Milano, and he was injured when a shower door at the hotel shattered. He alleges that he is permanently disabled as a result of the accident and is no longer able to fly.

## PROCEDURAL HISTORY

The Fidryches filed their complaint on August 17, 2017. Marriott did not file an answer, and the Fidryches moved for an entry of default on September 20. The Clerk entered the default the next day. Then, on October 10, the Fidryches moved for a default judgment. The Court granted that motion on October 11, and noticed a hearing on damages for December 12. Marriott then moved to set aside the default and the default judgment on October 17. The Fidryches responded

on October 31, and Marriott replied on November 7. Accordingly, this matter is now ripe for consideration.

## **LEGAL STANDARD**

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." In considering a motion to set aside an entry of default, the Fourth Circuit has stated:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)). Additionally, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id.* The Fourth Circuit uses the same factors to analyze Rule 55(c) and 60(b) motions, but "the burden on a movant seeking relief under the two rules is not the same." *Id.* at 420. "Rule 60(b) motions request relief from judgment, which implicates an interest in finality and repose, . . . a situation that is not present when default has been entered under Rule 55(a) and no judgment has been rendered." *Id.* (internal quotation marks omitted). "Therefore, while an analysis under each rule employs similar factors, Rule 60(b)'s excusable neglect standard is a more onerous standard than Rule 55(c)'s good cause standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality." *Id.* (internal quotation marks omitted).

**DISCUSSION**

Before addressing the merits of Marriott's motion, the Court must determine whether to analyze Marriott's motion under Rule 55(c) or Rule 60(b). A significant portion of Marriott's initial argument in favor of applying Rule 55(c) pertains to the lack of notice it received as to the Fidryches' motion for entry of default, the Clerk's entry of default, and the Fidryches' motion for a default judgment. However, the law is clear that "a defaulting party who has failed to appear, thereby manifesting no intention to defend, is not entitled to notice of the application for a default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2687 (4th ed. 2013) (collecting cases). Additionally, Rule 55(a) does not require that the Clerk give notice of entry of default, and in any event such entry is publicly noticed on PACER. *See Hartford Cas. Ins. Co. v. Jenkins*, No. 09–0514–WS–M, 2009 WL 4898319, at *1 n.4 (S.D. Ala. Dec. 14, 2009) (collecting cases). Accordingly, any argument as to notice on those grounds is rejected.

Marriott also argues that the Court's entry of the default judgment was premature because the time allotted for Marriott to respond to the Fidryches' motion for default judgment had not yet elapsed. As stated above, it is clear that a party who has not appeared in an action is not entitled to notice of the application for a default judgment. The Court concluded that no response to the Fidryches' motion for entry of a default judgment was forthcoming because Marriott had failed to appear in the action after having been properly served, and Marriott had not filed a motion seeking to set aside the Clerk's entry of default in the twenty days before the Fidryches filed their motion for a default judgment. In fact, after granting the Fidryches' motion for a default judgment, the Court gave Marriott notice of the default judgment damages hearing even though no such notice is required. Five days after the Court entered the default judgment and noticed the damages

hearing, Marriott's counsel first filed a notice of appearance, and the next day filed a motion to set aside the default and default judgment. That motion, filed on October 17, was still filed before Marriott's October 24 deadline to respond to the Fidryches' motion for default judgment.

Without affirmatively saying so, and without citation to any authority, the Fidryches seem to claim that Marriott was not entitled to respond to their motion for default judgment because Marriott had failed to appear and was therefore not entitled to notice under Rule 55(b)(2). The Court is unaware of any authority placing such a restriction on a party that has failed to appear, and will take into account the fact that the default judgment was entered before Marriott's time to respond to the Fidryches' motion seeking a default judgment had elapsed. As a result, the Court will analyze Marriott's motion under Rule 55(c)'s good cause standard.

First, Marriott has made a showing of a meritorious defense on several grounds, including jurisdiction, improper party, and indemnification. Although a showing of a meritorious defense does not require conclusive proof that the moving party would prevail, *see Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001), there must be some indication that the Court could ultimately rule in favor of the party to be relieved from default. *See also Vick v. Wong*, 263 F.R.D. 325 (E.D. Va. 2009) ("A meritorious defense, as required to establish good cause for setting aside an entry of default, requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim."). Marriott has offered sufficient proof of a meritorious defense to permit a finding in its favor on this factor.

Second, the Court must determine whether Marriott acted with reasonable promptness. Here, Marriott's delay in appearing or responding is unusual because Marriott was aware[1] of the

---

1. Marriott states that it received notice of the suit from an attorney soliciting work.

4

lawsuit even before a copy of the complaint was served, and yet still chose not to appear. Marriott filed its motion to set aside the default six days after the Court entered a default judgment, but twenty-six days after the Clerk entered the default. Marriott states that the Boscolo Milano is not a Marriott franchisee and that they encountered some difficulty in contacting the Boscolo Milano's ownership. Additionally, Marriott complains that it did not receive any notice of the Fidryches' request for the entry of default, the Clerk's entry of default, or the Fidryches' motion for a default judgment. As a result, Marriott argues that its prompt response once it received notice of the entry of the default judgment is evidence of reasonable promptness.

The Court concludes that this factor marginally favors the Fidryches. As discussed above, a party that fails to appear is not entitled to notice of any of the events Marriott argues it should have been notified about. Marriott was properly served and chose not to appear. The Court is cognizant of Marriott's defenses. However, those defenses could have been asserted in a pleading and do not excuse Marriott's failure to appear. Nonetheless, Marriott did promptly file its motion to set aside default six days after the Court entered default judgment, and that motion was filed only twenty days after the Clerk entered default. Although Marriott became quite prompt after receiving notice of the default judgment, that does not excuse its failure to appear or answer.

Third, the Court must determine whether the party or its counsel bears the responsibility for the default. There is no dispute that Marriott was properly served, and there is no evidence that Marriott's counsel was deficient in some way. Accordingly, Marriott itself bears the responsibility for its default. Thus, this factor significantly favors the Fidryches.

Fourth, the Court must determine what prejudice would result to the Fidryches. Here, the Fidryches have not demonstrated any prejudice that would result from setting aside the default. The Fidryches have not raised any potential prejudice, and the Court sees none. "In the context of

5

a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 418.

Fifth, the Court must determine whether the defaulting party has a history of dilatory conduct. There is no evidence of any other dilatory conduct on Marriott's part, so this factor favors Marriott.

Finally, the Court must determine whether less drastic sanctions are available. The Court concludes that they are. Although no alternative sanctions have been suggested by the parties, the Fourth Circuit has looked approvingly on an award of attorney's fees and costs to the party opposing the motion to set aside the entry of default. *Colleton Preparatory Acad., Inc.*, 616 F.3d at 418. There is no doubt that such an award would be substantially less drastic than a default judgment, and the Court concludes that this factor favors Marriott as well. The Fidryches are invited to suggest appropriate alternative sanctions to default judgment, and the Court's example of attorney's fees is illustrative only.

Here, four of the six factors favor Marriott, and the Court concludes that the default should be set aside. Marriott has proffered substantial evidence of potential meritorious defenses, the Fidryches suffer no prejudice, Marriott has no additional history of dilatory conduct, and less drastic sanctions are certainly available here. Those factors are not outweighed by Marriott's culpability for its failure to appear, or by Marriott's lack of reasonable promptness in view of the Fourth Circuit's policy favoring adjudication of claims on their merits.

## **CONCLUSION**

For the foregoing reasons, Marriott's motion to set aside default is **GRANTED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 29, 2017
Charleston, South Carolina**