# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ANTHONY M. FIDRYCH and PATRICIA ANNE FIDRYCH, | : : : : |
| Plaintiffs, | : : |
| v. | CIVIL ACTION NO. 2:17-cv-2195-PMD : : |
| MARRIOTT INTERNATIONAL, INC., | : : |
| Defendant. | : |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT MARRIOTT INTERNATIONAL, INC.'S
## MOTION TO DISMISS

 

COZEN O'CONNOR

BY:  /s/ Tracy L. Eggleston
Tracy L. Eggleston, Esquire
Fed. ID #689
301 S. College Street, Suite 2100
Charlotte N.C. 28207
(704) 376-3400
teggleston@cozen.com
*Attorneys for Defendant,*
*Marriott International, Inc.*

Dated:  December 13, 2017

## TABLE OF CONTENTS

Page

**I. PRELIMINARY STATEMENT1** ........ **1**

**II. FACTS** ........ **3**

**III. ARGUMENT** ........ **4**

**a. Plaintiffs' Complaint Must be Dismissed Under Fed. R. Civ. P. 12(b)(2) Because Marriott Is Not Subject to This Court's Personal Jurisdiction** ........ **4**

i. Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) ........ **4**

ii. This Court Lacks General Jurisdiction Over Marriott. ........ 5

iii. This Court Lacks Specific Jurisdiction Over Marriott ........ 6

**b. Plaintiffs' Complaint Must be Dismissed Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted** ........ **7**

i. Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ........ 7

ii. Marriott Is an Improper Party ........ 8

iii. It Is Well-Established Law That Marriott Cannot be Held Liable for the Acts of a Franchisee ........ 9

**c. Plaintiffs' Complaint Must be Dismissed for Forum Non Conveniens** ........ **11**

i. Plaintiffs' Choice of Forum in This Case Is Not Entitled to Substantial Deference. ........ 11

ii. Italy is An Adequate Alternative Forum ........ 13

iii. The Private and Public Interest Factors Weigh in Favor of Dismissal ........ 14

1. *The Private Interest Factors Weigh in Favor of Dismissal.* ........ 14

2. *The Public Interest Factors Weigh in Favor of Dismissal* ........ 15

**d. Plaintiff Cannot Recover Punitive Damages As a Matter of Law.** ........ **16**

**IV. CONCLUSION** ........ **16**

LEGAL\33682203\1

Defendant Marriott International, Inc. ("Marriott"), by its undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss. Marriott requests that this Court dismiss, with prejudice, all claims asserted by Plaintiffs Anthony M. Fidrych and Patricia Anne Fidrych ("Plaintiffs") in their Complaint.

## I.     PRELIMINARY STATEMENT

This case arises from an alleged incident on December 17, 2015 at the Boscolo Milano hotel in Milan, Italy. Plaintiff Anthony M. Fidrych alleges he was injured when the glass shower door in his room at the Boscolo Milano shattered. Plaintiffs brought suit alleging breach of express and/or implied warranty and negligence against Marriott, averring that the Boscolo Milano acted as the "agent" of Marriott, and as such, Marriott should be liable to Plaintiffs for all acts and omissions of the Boscolo Milano. Plaintiffs' Complaint also includes three counts based on Italian law.

Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because Marriott is not subject to this Court's personal jurisdiction. Marriott is neither incorporated nor headquartered in South Carolina. Marriott's South Carolina presence is only a tiny fraction of its nationwide and worldwide business. The proportional insignificance of Marriott's activities in South Carolina undercuts any argument that this is an "exceptional" case justifying the exercise of general jurisdiction. Considering the extent of Marriott's operations worldwide, and lack of substantive operations in South Carolina, Marriott is hardly "at home" in South Carolina. In addition, Plaintiffs have not demonstrated that their claims arise out of Marriott's activities directed at South Carolina, much less fulfilled their burden of proving, by a preponderance of the evidence, that specific jurisdiction exists.

Alternatively, but equally availing, Plaintiffs' Complaint also fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The ownership, control, and management of the Franchise Hotel is governed by a Franchise Agreement by and between a non-

2

party franchisor, Global Hospitality Licensing S.à r.l. and a non-party franchisee, BH 5 S.p.A. Marriott is not a party to the Franchise Agreement.  The Hotel is operated and controlled by the foreign franchisee, not Marriott.  Indeed, Marriot has absolutely no ownership interest in, or control over the Italian hotel.  South Carolina law on franchisor liability is clear that Marriott cannot be held vicariously liable for the alleged negligent acts of franchisees if Marriott does not retain any right to control the day-to-day operations of the hotel.

There is nothing in the Complaint, nor is there any inference that can be fairly made from the Complaint, that Marriott owed a duty of care to Plaintiff.  Specifically, because Marriott does not own, operate, control, or manage the premises in which Plaintiff's alleged incident occurred, Plaintiffs cannot now—or ever—establish that Marriott owed a duty to discover the alleged defective shower door, to warn Plaintiff of any alleged defect in the shower door, or to otherwise ensure Plaintiff's safety while he was a guest at the Boscolo Milano, particularly when he was using the allegedly defective shower door.  The Complaint simply fails to nudge the claim over the line from merely possible to "plausible."

However, even if the Court finds that the Complaint adequately states a claim against Marriott, despite its complete disconnect with the subject hotel, this case should still be dismissed to Italy on the basis of *forum non conveniens*.  The incident underlying this lawsuit occurred on an Italian premises owned, controlled, and managed by Italian citizens; and Italian citizens responded to the incident and treated Plaintiff after the incident.  All of the evidence and witnesses are located in Italy.  It would be exponentially more convenient for this case to be litigated in Italy for the convenience of these witnesses and for the convenience of the parties.

Finally, Plaintiffs should be enjoined from seeking punitive damages.  There is nothing in the Complaint that suggests any "willful" or "wanton" conduct by Marriott or any conduct that could remotely be characterized as "reckless disregard" as would be required in seeking punitive damages.

For the reasons discussed below, Marriott respectfully request that the Court grant this Motion to Dismiss with prejudice.

## II.    FACTS[1]

This case arises from an incident on December 17, 2015 at the Boscolo Milano hotel in Milan, Italy.  Plaintiffs' Complaint at ¶¶ 18-20.  Plaintiffs allege that on December 17, 2015, Plaintiff Anthony M. Fidrych was injured when the glass shower door in his room at the Boscolo Milano shattered. *Id.*, ¶¶ 18-20.  Plaintiffs allege that they are South Carolina residents.  *Id.*, ¶ 1. Plaintiff Anthony M/ Fidrych checked into the Boscolo Milano on December 16, 2015 while on a customer demonstration trip from Milan to Kazakhstan during the course of his employment as Chief Pilot for Gulfstream Aerospace Corporation.  *Id.*, ¶¶ 6, 14, 18.  The next morning, he took a shower in his room and opened the glass shower door to get out, at which point the "glass shattered all over and around him." *Id.*, ¶¶ 19, 20.  He sustained cuts on his left hand and feet.  *Id.*, ¶ 20.  He was rushed by taxi to a hospital in Milan where a surgeon performed a tendon repair on Plaintiff's hand and glued two other cuts on Plaintiff. *Id.*, ¶ 21.  Plaintiff then returned to the Boscolo Milan, where he was assigned a new room where a similar sliding door had been removed prior to his arrival. *Id.*, ¶ 22.  Plaintiff erroneously alleges that the Boscolo Milano was owned, operated, franchised, or licensed by Marriott. *Id.*, ¶ 13.  As set forth below, thses allegations are simply not true.

Indeed, the ownership, control, and management of the Franchise Hotel is governed by a Franchise Agreement, dated July 15, 2011, by and between a non-party franchisor, Global Hospitality Licensing S.à r.l. and a non-party franchisee, BH 5 S.p.A.  Relevant portions of the Franchise Agreement is attached hereto as **Exhibit "A."**  Marriott is not a party to the Franchise Agreement.  Affidavit of Matt Hughes, Senior Director: Franchise & Owner Services, at Marriott

---

[1] For purposes of this Motion only are the facts pleaded in Plaintiffs' Complaint taken as true.

Hotels International, Ltd., is attached hereto as **Exhibit "B."** *See* Exhibit B at ¶ 5. Marriott does not own, operate, control, or manage the Franchise Hotel or any part thereof. *Id.* at ¶ 6.

Plaintiffs filed suit against Marriott on August 17, 2017. Plaintiffs asserted claims of breach of express and/or implied warranty and negligence against Marriott, averring that the Boscolo Milano acted as the agent of Marriott, and as such, Marriott should be liable to Plaintiffs for all acts and omissions of the Boscolo Milano. *Id.*, ¶¶ 31-33; 34-39: Count I; ¶¶ 40-41: Count II. Plaintiffs' Complaint also includes three counts based on Italian law. *Id.*, ¶¶ 42-50: Count III (Breach of Contract under Articles 1218, 1175, 1375 of Italian Civil Code); ¶¶ 51-55: Count IV (Liability of Keeper under Article 2051 of Italian Civil Code); and ¶¶ 56-59: Count V (General Negligence under Article 2043 of Italian Civil Code). Plaintiffs seek compensatory and punitive damages for Marriott's alleged negligence. *Id.* at p. 15.

### III.  ARGUMENT

#### a. Plaintiffs' Complaint Must be Dismissed Under Fed. R. Civ. P. 12(b)(2) Because Marriott Is Not Subject to This Court's Personal Jurisdiction

##### i. Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2)

When a defendant challenges the court's personal jurisdiction under Rule 12(b)(2), the plaintiff has "the burden of proving" that jurisdiction exists "by a preponderance of the evidence." *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). If there are disputed factual questions, "the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). However, the court may instead rely on the complaint and affidavits alone, in which case "the burden on the plaintiff is simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge." *In re Celotex Corp.*, 124 F.3d at 628. In deciding whether plaintiff has met this burden, the court construes all

4

disputed facts and draws all reasonable inferences from the proofs in favor of jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).

### ii. This Court Lacks General Jurisdiction Over Marriott

The U.S. Supreme Court has reiterated that "'[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is *an equivalent place*, one in which the corporation is fairly regarded as at home.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (emphasis added) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 934 (2011). In addition, the Court clarified that "[g]eneral jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Daimler AG*, 134 S. Ct. at 762 n.20. Indeed, "a corporation that operates in many places can scarcely be deemed at home in all of them." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (alterations omitted) (quoting *Daimler*, 134 S. Ct. at 762 n.20). Thus, a plaintiff asserting general jurisdiction over a corporation must provide "evidence from which a court could appraise the corporation's activities in the state in comparison with the corporation's activities 'in their entirety, nationwide and worldwide.'" *Companion Property and Casualty Insurance Co. v. U.S. Bank Nat'l Ass'n*, 2016 WL 6781057 at *7 (D.S.C. Nov. 16, 2016), citing *Daimler AG*, 134 S. Ct. at 762 n.20.

In *Companion Property*, the U.S. District Court for the District of South Carolina affirmed the dismissal of fourth-party corporate defendant USBT, *inter alia*, due to lack of general jurisdiction. The court found persuasive USBT's argument that it was not subject to the court's general jurisdiction because it is neither incorporated nor headquartered in South Carolina and because it is not otherwise "at home" in South Carolina. The court further found that the plaintiff

5

failed to show that USBT's in-state presence was exceptional in comparison to USBT's activities worldwide.

Similar to defendant USBT in *Companion Property*, Marriott here is neither incorporated nor headquartered in South Carolina. Rather, Marriott is incorporated in Delaware and has a principal place of business in Maryland. Furthermore, Marriott's South Carolina presence is only a tiny fraction of its nationwide and worldwide business. Out of approximately 6,200 hotels in the Marriott system worldwide, only ninety – about 1.45% – are located in South Carolina. Marriott does not own or itself operate **any** of those ninety hotels. Rather, out of those ninety hotels, Marriott franchises just sixty-three; the rest are licensed or managed by affiliates of Marriott, **not** Marriott itself. The proportional insignificance of Marriott's activities in South Carolina undercuts any argument that this is an "exceptional" case justifying the exercise of general jurisdiction, and Plaintiffs have not presented any allegations or evidence which demonstrates otherwise. Considering the extent of Marriott's operations worldwide, and lack of substantive operations in South Carolina, Marriott is hardly "at home" in South Carolina, and Plaintiffs have fallen short of their heavy burden of demonstrating that in-state activities must be demonstrably exceptional in comparison to activities worldwide. Therefore, this Court lacks general jurisdiction over Marriott in this case, and Plaintiffs' Complaint must be dismissed.

### iii. This Court Lacks Specific Jurisdiction Over Marriott

Under specific jurisdiction, "a defendant may be sued in this court if the litigation results from alleged injuries that arose out of or related to their contacts with South Carolina and those contacts were sufficient." *Companion Property*, 2016 U.S. Dist. LEXIS at *16. The analysis for specific jurisdiction examines "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would

6

be constitutionally 'reasonable.'" *Companion Property*, 2016 U.S. Dist. LEXIS at *16, citing *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

Plaintiffs' claims fail to demonstrate the three required elements. Plaintiffs' claims arose from an incident at the Boscolo Milan, located in Milan, Italy – **not South Carolina**. As previously discussed, this hotel is operated and managed by an Italian franchisee under a Franchise Agreement with a Luxembourger franchisor – neither the franchisor nor franchisee are South Carolina entities. Plaintiffs have also failed to show any connection between their alleged injuries and Marriott's contacts with South Carolina. As such Plaintiffs have not demonstrated that their claims arise out of Marriott's activities directed at South Carolina, much less fulfilled their burden of proving that jurisdiction exists "by a preponderance of the evidence." It would therefore be unreasonable to exercise specific jurisdiction over Marriott in South Carolina for an incident arising outside of South Carolina, involving foreign entities, and not involving any of Marriott's activities directed at South Carolina.

### b. Plaintiffs' Complaint Must be Dismissed Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted

i. <u>Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)</u>

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss may be filed where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *CoStar Realty Info., Inc. v. Field*, 612 F. Supp. 2d 660, 673 (D. Md. 2009) (citing *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994); *Chisolm v. Tran-South Fin. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Mayfield v. NASCAR*, 674 F.3d 369, 377 (4th Cir. 2012). Where plaintiffs have "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. In this context, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The pleading standard under Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A plaintiff must plead "plausible, not merely conceivable, facts in support of his claim." *Flanagan v. Anne Arundel Cnty.*, 593 F. Supp. 2d 803, 808 (D. Md. 2009) (citing *Twombly*, 550 U.S. at 570). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *CoStar Realty*, 612 F. Supp. 2d at 674 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001)). Nor is the Court "bound to accept conclusory allegations regarding the legal effect of the facts alleged." *Id.* (citing *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or if it alleges insufficient facts to support a cognizable legal theory. *CoStar*, 612 F. Supp. 2d at 674.

### ii. Marriott Is an Improper Party

Plaintiffs fail to offer any allegations supporting a duty of care against an entity which does not exercise any control over the hotel. Rather, the ownership, control, and management of the Boscolo Milano is governed by a Franchise Agreement between a non-party franchisor and a non-party franchisee. *See* Exhibit A. As such, the record is completely void of any allegations

8

suggesting that Marriott owed Plaintiff any duty or that Marriott had actual or constructive notice of a dangerous or defective condition existing in Plaintiff's hotel bathroom.  Plaintiffs cannot prove a fundamental element of their negligence claim.  Thus, Plaintiffs' factual allegations fail to plausibly suggest a right to relief against Marriott.

       iii.   <u>It Is Well-Established Law That Marriott Cannot be Held Liable for the Acts of a Franchisee</u>

Assuming *arguendo* that Marriott was the franchisor of the hotel at issue (it was not), Plaintiffs still have not stated a claim upon which relief can be granted because South Carolina law on franchisor liability is clear that Marriott cannot be held vicariously liable for the alleged negligent acts of franchisees if Marriott does not retain any right to control the day-to-day operations of the hotel.  In fact, Marriott has successfully litigated this very same issue before the Fourth Circuit.  *See DiFederico v. Marriott International, Inc.*, No. 15-2179, 677 Fed.Appx. 830 (4th Cir. 2017) (unpublished opinion) (affirming summary judgment in favor of Marriott in a case concerning the estate of a hotel patron who was killed when terrorists attacked the hotel in which he was staying in Islamabad, Pakistan. The 4th Circuit found that Marriott lacked sufficient control over the instrumentality leading to the plaintiff's death – namely, the subject hotel's security protocols); *see also Triplett v. Soleil Group, Inc.*, 664 F. Supp. 2d 645, 649-50 (D.S.C., Charleston Division, 2009) (holding that franchisors of the subject hotel did not owe direct duty of care to guest for injuries he suffered as a consequence of Legonnaires' disease contracted from exposure to bacteria in the hotel pool area, because the franchisors did not exert any control over the day-to-day operations or activities of the hotel but only monitored brand standards pursuant to a licensing agreement); *Allen v. Choice Hotels Int'l, Inc.*, 276 Fed. Appx. 339 (4th Cir. 2008) (finding that the fact that franchisor "required [franchisee] to install fire safety systems and made recommendations in its Rules and Regulations that [franchisee] install sprinklers does not establish that [franchisor] voluntarily undertook to control or regulate the life safety systems" at issue and

9

therefore did not owe a duty to hotel guests at the subject hotel); *Allen v. Greenville Hotel Partners, Inc.*, 409 F. Supp. 2d 672, 680 (D.S.C. 2006) ("No South Carolina court has held that a franchisee's use of its franchisor's trademark or trade name and national advertisements concerning the trademark constitute a representation"); *Watkins v. Mobil Oil Corp.*, 291 S.C. 62, 68 (S.C. Ct. App. 1986) (finding that "the sale of Mobil's products, the presence of Mobil's signs and a similar emblem on the station manager's uniform, and the recital in the arrest warrant signed by [the service station employee] identifying the station as the North Main Mobil constituted sufficient evidence to establish apparent agency [between franchisor Mobil Oil Corporation and franchisee operator of a service station].").

Here, Plaintiff alleges he was injured at the Boscolo Milano hotel. The hotel is owned, operated, and managed by a franchisee. Marriott, even assuming *arguendo* that it was the franchisor, has no involvement in the ownership, management, or operation of the hotel. *See* Exhibit B at ¶ 6. There is no evidence of record to establish that Marriott holds **any** right to control the day-to-day operations of the Boscolo Milano hotel, much less enough control to establish vicariously liability. *See* Exhibit B at ¶ 8. Even if the Court believes that Marriott exercised some level of control over the franchised hotel, Plaintiffs failed to plead **any** facts, and certainly not plausible facts, attributing any specific action by Marriott to Plaintiff's alleged injuries. The Complaint does not contain any factual allegations that Marriott created a facilities management plan for the Hotel. There are no allegations that Marriott hired or trained the Hotel's maintenance personnel. There are no allegations of any directive by Marriott on daily operations which caused Plaintiff's alleged injuries. There are simply no factual allegations of any act or omission by Marriott that could be construed as the cause of Plaintiff's injuries. In addition, Plaintiffs failed to present any facts, allegations, or precedential citations as to why the "corporate veil" should be pierced or why Marriott, as a far-removed affiliate of the franchisor, should be held liable for this

incident. As a result, Plaintiffs have failed to state a claim against Marriott because Marriott cannot be held liable for any alleged negligent acts of a franchisee.

### c. Plaintiffs' Complaint Must be Dismissed for *Forum Non Conveniens*

In the event that this Court finds that Marriott is somehow a proper party to this action and that Marriott should be held liable for the acts of a far-removed franchisee, Plaintiffs' Complaint must still be dismissed pursuant to the doctrine of *forum non conveniens*. The doctrine of *forum non conveniens* places within a district court's discretion the option of "resist[ing] imposition upon its jurisdiction," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947).

Four factors guide district courts' exercise of discretion: (1) the amount of deference to be afforded to [plaintiff's] choice of forum; (2) the availability of an adequate alternative forum where defendants are amenable to process and [plaintiff's] claims are cognizable; (3) relevant "private interest" factors affecting the convenience of the litigants; and (4) relevant "public interest" factors affecting the convenience of the forum. *Id.* A court should decline jurisdiction where "trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981). Each case turns on its own facts. *Id.*

Here, Plaintiffs' choice of forum is not entitled to substantial deference. Further, Italy is an adequate alternative forum to adjudicate this lawsuit, and the private and public interests strongly favor dismissal for *forum non conveniens*. For all these reasons, this Court should, in the alternative, dismiss this case for *forum non conveniens*.

#### i. Plaintiffs' Choice of Forum in This Case Is Not Entitled to Substantial Deference

This Court should conclude that Plaintiffs' choice in the District of South Carolina is not entitled to substantial deference. In *Braten Apparel Corp. v. Bankers Trust Co.*, 259 S.E.2d 110

11

(S.C. 1979), the court acknowledged its deference to the plaintiff's choice of forum, but still reversed the lower court's failure to adopt the doctrine of *forum non conveniens* due to its factual findings:

> [A]ccess to the already voluminous discovery transcripts, the pretrial record and sources of proof in New York; the availability of witnesses and the opportunity to achieve complete relief in the New York forum; and the expense of duplicative litigation imposed on both parties and upon the State of South Carolina in providing a second forum for these nonresidents to relitigate their claims preponderate so heavily in favor of the exercise of the doctrine that failure on the part of the trial judge to grant [the defendants'] motion to dismiss amounts to an abuse of discretion.

*Id.* at 114. Here, as in *Braten*, Plaintiffs' decision to file suit in their home forum is entitled to little deference because all the operative facts giving rise to this action occurred outside Plaintiffs' chosen forum. Although it is true that Plaintiffs reside in the forum, all of the operative facts giving rise to the action occurred in Milan, Italy. The non-party liability witnesses are all in Milan, Italy, including all the employees of the Hotel and the Franchisee. The inconvenience and expense of defending suit here further diminishes the deference accorded to Plaintiffs' choice of forum.

Plaintiffs are clearly attempting to benefit from the large expense and inconvenience to Marriott to defend suit in this Court. Plaintiffs are perfectly aware that the key liability and damages witnesses in this case are located in Milan, Italy. Not only is the Hotel staff all located in Milan, Italy, but also the surgeon who repaired his tendon and glued two other cuts immediately after the incident. *See* Plaintiffs' Complaint at ¶ 21. It would be an enormous burden, expense and a litigation nightmare to summon all of these non-party individuals, many of whom are likely unwilling to become involved in a U.S. litigation, or susceptible to a subpoena, to attend depositions. Marriott does not employ any of the witnesses and cannot compel them to appear in this matter. *See* Exhibit B at ¶ 7. It is an especially significant hassle to obtain the deposition of unwilling witnesses from Italy for a U.S. litigation. Although Italy has signed the Hague

12

Convention, it will not compel the depositions of unwilling witnesses for litigation in the United States. Moreover, for any witnesses that would willingly participate in depositions, interpreters and translators would provide additional expenses. Furthermore, it would be an additional burden on Marriott to obtain these witnesses for trial. Plainly, this case would be more easily litigated in Italy, where the key liability and damages witnesses reside, and, in accordance with the central focus of the *forum non conveniens* analysis, trial would simply be more convenient in Italy. *Piper Aircraft*, 454 U.S. at 256.

Based on all these factors, it is clear that Plaintiffs' choice of forum is not entitled to substantial deference, and this case should be dismissed for *forum non conveniens*.

### ii. Italy is An Adequate Alternative Forum

There is no question that Italy is an adequate and alternative forum for Plaintiffs' claims. Should Marriott be found to be a proper party to this litigation, then obviously it would be amenable to process in Italy. Further, the subject matter of the lawsuit is cognizable in Italy because it is undisputed that the cause of action arose entirely in Italy. Italy is equipped to handle Plaintiffs' claims as any required legal analysis of Plaintiffs' claims would be controlled by Italian law, especially considering that three of five counts in Plaintiffs' Complaint are based on Italian law. *See* Plaintiffs' Complaint at ¶¶ 42-50: Count III (Breach of Contract under Articles 1218, 1175, 1375 of Italian Civil Code); ¶¶ 51-55: Count IV (Liability of Keeper under Article 2051 of Italian Civil Code); and ¶¶ 56-59: Count V (General Negligence under Article 2043 of Italian Civil Code). Moreover, Plaintiffs would have time to refile this claim with the proper parties in Italy, as Italy's statute of limitations for claims arising from torts is five years. *See* Article 2947 of Italian Civil Code, available at http://italiantortlaw.altervista.org/civilcode.html. For all these reasons, it is clear that Italy is an adequate alternative forum to hear this dispute.

13

### iii. The Private and Public Interest Factors Weigh in Favor of Dismissal

The balance of the private and public interest factors weighs in favor of dismissal of this case to Italy.  Relevant private interests include: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; (3) the possibility of viewing the premises, if appropriate; and (4) all other practical problems that make trial of the case easy, expeditious and inexpensive. *Gulf Oil*, 330 U.S. at 507.

The relevant public interests have been identified as: (1) administrative difficulties due to court congestion; (2) the local interest in having local controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the state law that governs the case; (4) the avoidance of unnecessary problems in conflict of laws or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.  *Id.*

#### *1. The Private Interest Factors Weigh in Favor of Dismissal*

The private interest factors demonstrate that dismissal is proper in this case.  With the exception of a small portion of Plaintiff's medical treatment occurring in and around South Carolina, all sources of proof in this case are located in Milan, Italy.  These sources include not only the accident scene, but also the hotel's employees, the investigating security officer, the hotel's investigation paperwork, and the initial emergency medical personnel and other healthcare providers who treated Plaintiff in Milan. All liability witnesses, with the exception of Plaintiff, reside in Italy.  These witnesses include hotel staff, security, as well as the managers and support staff in charge of maintaining guest rooms.  Since the majority of witnesses reside in Italy, Italy is the more convenient forum for this litigation.

*2.  The Public Interest Factors Weigh in Favor of Dismissal*

Public interest factors also weigh in favor of dismissal.  The anticipated administrative requirements for this action would burden an already-crowded docket in this district.  As a general proposition, "[a]dministrative difficulties follow for courts when litigation is piled up in the congested centers instead of being handled at its origin." *Gulf Oil*, 330 U.S. at 508-09.  As many of the most important witnesses, documents, and investigatory reports are located in Italy and may require the issuance of letters rogatory, it makes practical sense to dismiss this action in favor of a more convenient forum and to provide some relief to this Court's already crowded docket.  In addition, the imposition of jury service on citizens of a forum that has little, if any, connection to the acts giving rise to the litigation is a significant factor in a *forum non conveniens* analysis and weighs in favor of dismissal.  *See Gulf Oil*, 330 U.S. at 508.  The crux of this case is an incident which occurred entirely in Italy, which was investigated by Italian hotel staff, and after which, Plaintiff received treatment in Italy.  Imposing jury service on the citizens of this forum is unwarranted and this factor, too, weighs heavily in favor of dismissal.  Finally, there is a local interest resolving local controversies at home.  *See Gulf Oil*, 330 U.S. at 509.  This action arises out of a local controversy, an accident that occurred in Italy at an Italian hotel.  This action has nothing to do with South Carolina, and almost entirely relates to Plaintiffs' actions in Italy. Indeed, three of Plaintiffs' five counts of actions against Marriott are based in Italian civil law and thus Italian law will determine whether Defendant or Plaintiffs are ultimately liable for this accident. All of these facts point to Italy as the situs of this controversy and weigh in favor of settling this dispute locally in Italy.

Because the deference to Plaintiffs' choice of forum is not dispositive and because Italy is an adequate alternative forum and all the public and private interest factors weigh in favor of dismissal, this Court should dismiss this case to Italy on the basis of *forum non conveniens*.

15

### d.  Plaintiff Cannot Recover Punitive Damages As a Matter of Law

Plaintiffs also seek punitive damages against Marriott.  *See* Plaintiffs' Complaint at p. 15.  This Court can easily dispose of Plaintiffs' request for punitive damages.  To recover punitive damages, "the plaintiff has the burden of proving by clear and convincing evidence the defendant's misconduct was willful, wanton, or in reckless disregard of the plaintiff's rights."  *Solanki v. Wal-Mart Store No. 2806*, 763 S.E.2d 615, 618 (Ct. App. S.C. 2014) citing *Austin v. Specialty Transp. Servs., Inc.,* 358 S.C. 298, 313, 594 S.E.2d 867, 875 (Ct.App.2004).  "A conscious failure to exercise due care constitutes willfulness."  *McCourt ex rel. McCourt v. Abernathy,* 318 S.C. 301, 308, 457 S.E.2d 603, 607 (1995).

Fundamentally, Marriott exerts no control over the Hotel, so Marriott could not have acted with "actual malice" if Marriott did not oversee or coordinate the day-to-day operations of the Hotel.  More importantly, even assuming all of Plaintiffs' facts to be true as pled in the Complaint, there is nothing in the Complaint that suggests any "willful" or "wanton" conduct by Marriott or any conduct that could remotely be characterized as "reckless disregard."  Plaintiffs have failed to lay bare any additional allegations for their claim for punitive damages.  For these reasons, this Court should enjoin Plaintiffs from seeking punitive damages in this case.

### IV.   CONCLUSION

This Court should dismiss this case for a variety of reasons.  As a preliminary matter, this Court does not have personal jurisdiction over Marriott.  Marriott is not subject to this Court's general jurisdiction because Marriott is neither incorporated nor headquartered in South Carolina, and the proportional insignificance of Marriott's activities in South Carolina is not an "exceptional" case justifying the exercise of general jurisdiction.  Neither is there specific jurisdiction, as Plaintiffs' injuries did not arise out of Marriott's activities directed at South Carolina.

Next, Marriott did not own, operate, control, or manage the Hotel, nor did it have the right to control the day-to-day operations of the Hotel. The Boscolo Milano was owned and operated by an independent franchisee, which is governed by a Franchise Agreement between a non-party franchisor and a non-party franchisee. Marriott is not a party to the Franchise Agreement. Marriott thus cannot be held vicariously liable for the alleged negligent acts of franchisees if Marriott does not retain any right to control the day-to-day operations of the hotel.

Furthermore, under the doctrine of *forum non conveniens*, a more convenient forum is found in Italy, as this action arises out of an incident that occurred in Italy and all sources of proof in this case are located in Italy.

Finally, Plaintiffs should be enjoined from seeking punitive damages. Plaintiffs have failed to lay bare any additional allegations for their claim for punitive damages. There is nothing in the Complaint that suggests any "willful" or "wanton" conduct by Marriott or any conduct that could remotely be characterized as "reckless disregard" as would be required in seeking punitive damages.

For these reasons, Marriott respectfully requests that this Court grant its Motion to Dismiss and dismiss with prejudice all claims asserted by Plaintiffs in their Complaint.

                COZEN O'CONNOR

BY:   /s/ Tracy L. Eggleston
        Tracy L. Eggleston, Esquire
        Fed. ID #689
        301 S. College Street, Suite 2100
        Charlotte N.C. 28207
        (704) 376-3400
        teggleston@cozen.com
        *Attorneys for Defendant,*
        *Marriott International, Inc.*

Dated: December 13, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of December, 2017, I served a copy of the foregoing *Defendant Marriott International, Inc.'s Motion to Dismiss* on the following parties via ECF:

Mark C. Tanenbaum
Mia Lauren Maness
MARK C. TANENBAUM, P.A.
1017 Chuck Dawley Blvd., Suite 101,
Mt. Pleasant, S.C. 29464

and

Nathan M. Crystal
CRYSTAL & GIANNONI-CRYSTAL, LLC
6 Marbel Lane,
Charleston, S.C. 29403

*Attorney for Plaintiffs*

/s/Tracy L. Eggleston
Tracy L. Eggleston

LEGAL\33682203\1