IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony M. Fidrych and<br>Patricia Anne Fidrych,<br><br>      Plaintiffs,<br><br>v.<br><br>Marriott International, Inc.,<br><br>      Defendant. | Civil No. 2:17-cv-2195-BHH<br><br>**ORDER** |

On March 2, 2020, the Fourth Circuit Court of Appeals issued a published opinion in this case, affirming this Court's dismissal of this action for lack of personal jurisdiction but remanding this Court's denial of Plaintiffs' motion for sanctions. *See Fidrych, et al. v. Marriott International, Inc*., 952 F. 3d 124 (4th Cir. 2020). Following remand, Plaintiffs Anthony M. Fidrych and Patricia Anne Fidrych ("Plaintiffs") filed a renewed motion for sanctions accompanied by additional declarations and time records of counsel as well as the declaration of Senator Richard Harpootlian. (ECF No. 48.)

**DISCUSSION**

The evidence of record indicates that Marriott informally received the summons and complaint in this action on August 22, 2017, and that Marriott tendered the defense to the Italian hotel ("Boscolo") where the underlying incident occurred. Marriott instructed Boscolo that "time was of the essence" and indicated that Boscolo had seven days to respond or otherwise Marriott may take over the defense and bill Boscolo for

1

legal fees and costs. (ECF No. 13-3.) Marriott did not receive a response from Boscolo.

Marriott was properly served on August 28, 2017, and it again tendered the defense to Boscolo. Once again, Marriott did not receive a response from Boscolo. The time for responding to Plaintiffs' complaint expired without Defendant appearing or otherwise responding to Plaintiffs' complaint, and Plaintiffs filed a request for entry of default on September 21, 2017. (ECF No. 6.) The Clerk entered default the following day. (ECF No. 7.)

On October 10, 2017, Plaintiffs filed a motion for default judgment. Before the time for responding to the motion expired, Judge Duffy entered an order granting the motion, and he scheduled a hearing for December 12, 2017, to determine damages. (ECF No. 9.)

Marriott received a copy of the Court's default judgment on October 16, 2017, and immediately engaged counsel, who filed an appearance the same day. On October 17, 2017, Marriott filed a motion to set aside the default judgment, and Judge Duffy granted the motion in an order filed on November 29, 2017. (ECF No. 16.) In his order, Judge Duffy relied on the existence of less drastic sanctions as one factor that weighed in favor of finding good cause to set aside the default, and he invited Plaintiffs to seek such an alternative remedy.

Plaintiffs subsequently filed a motion for sanctions, requesting a total of $86,754.62, consisting of $68,556.25 in attorneys' fees and $18,198.37 in out-of-pocket expenses. (ECF No. 23.) Plaintiffs also filed a motion for discovery incident to their motion for sanctions. (ECF No. 32.) This Court denied both motions, ultimately

finding with respect to Plaintiffs' motion for sanctions that the requested fees and costs were excessive and that Plaintiffs failed to show an adequate causal link between the default judgment and the total requested fees. (ECF No. 39 at 8.) On appeal, however, the Fourth Circuit determined that this Court failed to adequately explain "why it declined to award fees in a lesser, non-excessive amount, or why it did not require the Plaintiffs to submit an amended motion that better supported the requested award." 952 F. 3d at 144.

In the instant motion for sanctions, Plaintiffs now request $97,113.26, consisting of $79,194.75 in attorneys' fees and $17,918.51 for out-of-pocket expenses. Plaintiffs do not explain why the amounts they now request exceed the amounts they previously requested.

As the Fourth Circuit noted on appeal, case law recognizes an award of attorney's fees as a less drastic alternative to default judgment. *See Colleton Prep. Acad. Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 418 (4th Cir. 2010); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 848 F.2d 808, 811 (4th Cir. 1988). Indeed, as previously mentioned, Judge Duffy specifically relied on the existence of less drastic alternatives to default judgment as a factor supporting Defendant's motion to set aside the default, and he specifically invited the parties to suggest appropriate alternative sanctions to default judgment, providing the example of attorney's fees for illustrative purposes. (ECF No. 16 at 6.)

After further review, the Court finds that Defendant Marriott International, Inc.'s ("Marriott") neglect in responding to the complaint warrants an award of reasonable attorneys' fees and costs as an appropriate alternative to default judgment. In other

3

words, Marriott has not offered a sufficient explanation for its failure to act to prevent an entry of default or a default judgment after it never received responses from Boscolo, and Marriott's failure to act in compliance with the Federal Rules of Civil Procedure justifies an award of reasonable attorneys' fees and costs as a less drastic sanction to default judgment. Although referred to as a "sanction," this award of attorney's fees is better understood as being based on fairness because it aims to compensate Plaintiffs for the reasonable expenses they suffered as a direct result of Defendant's neglect and dilatory conduct, and it also allows Defendant to proceed without suffering the extreme consequences of a default judgment.

In determining what amount constitutes an award of reasonable attorney's fees and costs, the Court has carefully considered the parties' filings, the record as a whole, and the applicable law. As an initial matter, Defendant does not specifically object to the hourly rates requested by Plaintiffs' counsel, and the Court finds no reason to disturb those rates. Moreover, the Court finds it reasonable to award Plaintiffs all of the fees they request for work performed prior to November 29, 2017, when Judge Duffy set aside the entry of default and default judgment and canceled the damages hearing. The Court also finds it reasonable to award Plaintiffs the fees they request that pertain directly to the preparation of their initial motion for sanctions. However, the Court again finds that Plaintiffs have failed to show an adequate causal link supporting an award for some of their requested fees. In other words, the Court finds that to award Plaintiffs for *all* of the fees they seek would go beyond the purpose the Court seeks to serve in awarding attorneys' fees and costs as a reasonable and fair alternative to the default judgment at issue, and would be disproportionate to the actual

4

conduct warranting an award of attorney's fees in the first place, i.e., Defendant's initial failure to timely respond to Plaintiffs' complaint. For example, Plaintiffs chose to file a motion to reconsider Judge Duffy's order setting aside the default, and this Court denied Plaintiffs' motion. It would be unfair and unreasonable to effectively punish Defendant for Plaintiffs' choice to continue unsuccessfully pursuing the issue. In addition, Plaintiffs chose to complicate the issue of sanctions by filing an unsuccessful motion for discovery incident to the motion. Again, it would be unfair for Defendants to bear all responsibility for all of Plaintiffs' choices in this regard. Thus, to account for the requested fees that the Court finds too far removed from Defendant's initial neglect, the Court will reduce by 20% the total fees Plaintiffs request by in their renewed motion. The Court has thoroughly reviewed the attorneys' declarations and detailed time sheets and believes that a 20% reduction is appropriate and adequate to ensure that the total amount of attorneys' fees awarded is fair and reasonable and does not improperly punish Defendant. Reducing the requested fees of $79,194.75 by 20% results in a total award of **$63,355.80** in attorneys' fees.

In their motion for sanctions, Plaintiffs also request $17,918.51 in out-of-pocket expenses, as outlined below:

Expenses incurred by Mark Tanenbaum

> Hand surgeon Lance Tavana, M.D.      $400.00
> Vocation Expert Deborah Caskey  $3,885.00
> Life Care Planner Sarah Lustig         $9,075.00
> Economist Oliver G. Wood          $4,558.51
>
> . . .

Expenses incurred by Crystal & Giannoni-Crystal, LLC

> Translation of email from Italian counsel re measurement of damages under Italian law for December damage hearing     $18.75
> Research re measurement of damages under Italian law for December damage hearing     $91.30
> Further research re measure of damages under Italian law for December damage hearing     $90.48

(ECF No. 48-1 at 11.)

First, the expenses allegedly incurred by Crystal & Giannoni-Crystal, LLC are not detailed in those attorneys' declarations or the other exhibits attached to Plaintiffs' motion. As a result, the Court declines to award this $200.53 in requested expenses. With respect to the expenses claimed by Mark Tanenbaum, however, hand surgeon Lance Tavana's bill for **$400.00** (ECF No. 48-4 at 4); vocational expert Deborah Caskey's invoice for **$3,885.00** (*id.* at 5); and life care planner Sara Lustig's invoice for **$9,075.00** all appear reasonably related to Plaintiffs' initial preparation for the damages hearing that Judge Duffy scheduled. Thus, the Court grants these costs. On the other hand, however, the vast majority of Dr. Oliver Wood's work appears to post-date Judge Duffy's cancellation of the damages hearing by more than a month, and the Court finds that it would be unreasonable under the circumstances to award Plaintiffs the $4,558.51 in expenses they request related to Dr. Wood's expert opinion. In all, the Court finds it reasonable to award Plaintiffs a total of **$13,360.00** in costs.

## **CONCLUSION**

Based on the foregoing, the Court grants in part Plaintiffs' motion for sanctions (ECF No. 48), and the Court awards Plaintiffs a total of **$76,715.80**, which consists of **$63,355.80** in attorneys' fees and **$13,360.00** in costs, as a reasonable, less drastic alternative to default judgment.

**IT IS SO ORDERED.**

                                                  <u>s/ Bruce H. Hendricks</u>
                                                  The Honorable Bruce Howe Hendricks
                                                  United States District Judge

June 17, 2020
Charleston, South Carolina